275 So.2d 757 (1973)
STATE of Louisiana
v.
Lonnie Keith LEE.
No. 53110.
Supreme Court of Louisiana.
March 8, 1973.
Rehearing Denied April 19, 1973.
*758 F. Irvin Dymond, William L. Crull, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., John N. Gallaspy, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Lonnie Keith Lee, appeals from a conviction by a jury of attempted murder of Benson May, in violation of La. R.S. 14:27 and 14:30. He was sentenced to twenty years imprisonment in the state penitentiary. During the proceedings he reserved and perfected five bills of exceptions which he has urged to obtain a reversal of the conviction and sentence.
Bills of Exceptions Nos. 1 and 2 were taken to the trial court's denial of the defendant's Motion for a Continuance and a supplement thereto. We find that the trial court's Per Curiam[1] in support of his ruling does not reveal any abuse of discretion pursuant to La.C.Cr.P. art. 712:
"* * * The basic contention in the motion to continue which was filed herein was that Court appointed counsel did not have time to properly prepare for trial.
The incident upon which the charges were based happened on or about May 14, 1968. Defendant was not brought in for arraignment until February 7, 1969, some nine months after the incident, apparently because of his Mississippi difficulties. Counsel was appointed for defendant prior to arraignment. Appointed counsel's law partner appeared with defendant on arraignment on February 7, which is not an unusual practice. However, in an abundance of precaution, the Court reserved to defendant thirty (30) days in which to file any pleadings, *759 including those which it was necessary to file prior to arraignment. No pleadings were filed.
The case was assigned for trial on June 26, 1969, some five months after arraignment. During the time between arraignment and trial, defendant was incarcerated in the Forest County, Mississippi jail, and subsequently in the Mississippi State Penitentiary at Parchmen, Mississippi. On at least one occasion prior to trial, Court appointed counsel was allowed to fly to Parchmen in order to discuss the pending trial with defendant, and the expenses of the flight were approved and paid by the Indigent Defender Board. Under these circumstances the Court felt it within its discretion to deny the motion for continuance of trial of a matter which had occurred more than a year before. The Court even went one step further and appointed a second attorney to assist in the trial itself giving the original attorney assistance to check on any matters arising during trial. The transcript herein reflects for itself that adequate representation was given, confirming the Court's original decision not to allow a continuance.
Reference is further made to the supplemental and amended motion for a continuance filed herein. This motion alleged that failure to continue deprived defendant of an attorney of his own choosing. The Court would simply point out that defendant had more than a year prior to trial to obtain his own counsel. . . Under these circumstances the Court did not feel justified in delaying the proceedings any further . . ."
We have consistently held that the trial court's ruling granting or refusing a continuance will not be disturbed except where the discretion has been exercised arbitrarily or unreasonably. We find no abuse of discretion in, and no prejudice flowing from the ruling of the trial court. La.C.Cr.P. art. 712. State v. Burch, 261 La. 3, 258 So.2d 851 (1972).
There is no merit to Bills of Exceptions Nos. 1 and 2.
Bill of Exceptions No. 3 was taken to the trial court's ruling that it had proper jurisdiction over the defendant. Defense counsel had alleged, in a timely Motion to Quash, that the Mississippi authorities had relinquished their custody of the defendant to the Deputy Sheriffs of Washington Parish, Louisiana without proper extradition proceedings.
However, we find that the only matter for this Court to review is the validity of the indictment which was the basis for the defendant's arrest.
On October 24, 1968, the Grand Jurors of the Parish of Washington returned a "true bill" against the defendant. This bill of indictment was legal in every respect. On the basis of this indictment, armed with the knowledge of the defendant's whereabouts, specifically that he was in custody of the Mississippi authorities in the Forrest County Jail in Hattiesburg, Mississippi, Washington Parish Deputy Sheriffs went to Mississippi and brought the defendant to Franklinton, Louisiana for arraignment on February 7, 1969. Immediately thereafter he was returned to the authorities in Mississippi until brought to trial on June 26, 1969.
In denying an attack on the regularity of the extradition proceedings, the trial judge ruled correctly, acting on a presumption that the extradition was proper and that in the absence of contrary evidence, the sheriffs performed their duties in accordance with the law. La.R.S. 15:422; 1 Wharton's Criminal Evidence (13th ed.) "Presumptions and Inferences", Section 130, pp. 212, 216 (1972). Further, "it is generally held that the abduction of the accused in the asylum state by officers of the state desiring to try him affords him no defense at his trial." 2 Underhill's Criminal Evidence (5th ed.) "Interstate Extradition", Sect. 564, p. 1406.
*760 It is not possible on this record to review the regularity of the extradition proceedings.
We find the merit in Bill of Exceptions No. 3 to be lacking.
Bill of Exceptions No. 4 was taken to the trial court's denial of the defendant's Motion for a New Trial. Asserting as grounds for the granting of the motion, defense counsel re-urged the alleged errors previously discussed above which we have disposed of as having no merit, and, additionally, that "the guilt of the accused was not proven beyond a reasonable doubt as there was never any evidence to show that he (the defendant) had fired his gun at the alleged victim."
After considering the entire transcript we find the record replete with testimony to the effect that the defendant had fired at least one shot at the alleged victim. There is the testimony of Tracy Lee Morgan, an eye witness to the shooting, that the defendant shot in his direction, presumably at the alleged victim who had been standing at the witness' right. Additionally, witness Glenn Ray Ratliff who had fired two return shots, placed Benson May beside him at the receiving end as the defendant's alleged target. Also, there was testimony of other witnesses corroborating these statements. The alleged victim, Benson May, testified also that he was the target of the defendant's shooting.
The specific intent appears to have been adequately placed before the jury so that it could have drawn the conclusion that Benson May was the object of the defendant's shooting. The record reveals a heated argument between the defendant and Benson May over the defendant's wife.
We find there was sufficient testimony on which the jury could have based its verdict that beyond a reasonable doubt, the defendant fired upon Benson May. The trial judge's discretion in granting or refusing a Motion for A New Trial, absent arbitrary or unreasonable abuse of discretion, will not be disturbed by this Court. We do not find any abuse of this discretion. La.C.Cr.P. art. 851. The merit in this bill is lacking.
The defendant's fifth and final bill of exceptions alleges the trial court erred by not giving the jury a special requested charge to the effect that their verdict must be a unanimous one to find the defendant guilty.
The U. S. Supreme Court in Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1635, 32 L.Ed.2d 152 (1972) upheld the constitutionality of the Louisiana Constitution Article 7, Section 41 and La.C.Cr.P. art. 782, both of which deal with the rule that a felony such as attempted murder shall be tried by a jury of twelve, nine of whom must concur to render a verdict. In the instant case, the polling of the jurors disclosed nine out of the twelve jurors were in favor of conviction as charged.
There is no merit to this final bill of exceptions.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.
NOTES
[1] La.C.Cr.P. art. 845 allows the judge to attach per curiam comments to the formal bills. The Redactor's comments (c) to this article state: "* * * In stating the reasons for its ruling, the court will necessarily include its version of the circumstances upon which the ruling is based, and it is contemplated that the supreme court will continue to accept the trial judge's per curiam as controlling in the absence of a note of evidence to the contrary." (citations omitted)