348 So.2d 697 (1977)
STATE of Louisiana In the Interest of Charles JORDAN, Juvenile.
No. 11398.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
John N. Gallaspy, Asst. Dist. Atty., Bogalusa, for the State.
Herbert R. Alexander, Jr., Bogalusa, for the Minor.
Before LANDRY, EDWARDS and COLE, JJ.
LANDRY, Judge.
Charles Jordan (Appellant), a juvenile, appeals from judgment adjudicating him a delinquent juvenile for having committed the crime of attempted murder. We affirm.
Appellant urges error in the State's failure to allege and prove intent to kill, an essential element of the crime of attempted murder.
The petition filed against Appellant pertinently recites:

*698 "The petition of John N. Gallaspy, Assistant District Attorney, who upon information and belief, with respect represents:
1. That Charles Jordan age 16, address (Bogalusa, La.) is a juvenile delinquent and is in violation of the criminal laws of Louisiana; whose mother is Rebecca Jordan, and which said child is (are) within the jurisdiction of the Juvenile Court for the Parish of Washington, State of Louisiana, in that on or about September 22, 1976, Charles Jordan fired a pistol into a crowd of young people, with intent to kill or seriously injure the said young people to any ones or one of them (sic), in violation of the Louisiana Criminal Laws, said intended victims including: 1. Evelyn McCray; 2. Gary Mangrum; 3. Christopher Lewis; 4. Carl McCray.
Wherefore, the premises considered, petitioner shows that a preliminary inquiry has been made by an Officer of this Court and it now appears that the interests of the public and of the child ____require that further action be taken, therefore, petitioner prays that formal jurisdiction be taken by this Honorable Court and that the Court render such judgments and orders as to the Court may deem just, proper or necessary for the safety and protection of the public and for the welfare of the said child." _____."
At the conclusion of the hearing, Counsel for Appellant moved for a directed verdict on the ground the State failed to establish specific intent to kill, an indispensable element of the offense of attempted murder. Counsel argued that no proof was offered to establish that the gun which Appellant fired contained live ammunition as distinguished from blanks or bad shells. In his brief filed in this court, Counsel for Appellant attacks the sufficiency of the petition and asserts its alleged fatal defectiveness in failing to properly charge the crime of attempted murder.
Assuming counsel's claim of defectiveness of the charge to be well founded, such circumstances is a matter of no moment under the procedural posture of this case. This matter was fully tried on its merits without objection by counsel as to the sufficiency of the charge. It conclusively appears that counsel understood the charge was attempted murder and conducted his cross-examination of the State's witnesses on this basis. Where an accused goes to trial on a defective information or indictment (in this juvenile proceeding a petition), and a full and fair trial on the merits is held without any surprises or prejudices to the accused, such defect may not be initially asserted on appeal. State v. James, 305 So.2d 514 (La.1974).
Appellant is correct in contending that the crime of attempted murder requires proof of specific intent to kill and not merely intent to commit serious bodily harm. State v. Butler, 322 So.2d 189 (La.1975).
The following facts are established by the State's witnesses: On the day in question, Appellant went to the home of Mrs. Evelyn McCray to see Mrs. McCray's younger brother, Gary Mangrum, about a $50.00 debt Mangrum owed Appellant. When Mrs. McCray informed Appellant her brother was not home, Appellant apparently did not believe her. Appellant left, nevertheless, but returned later and found Mrs. McCray and her brother in the back yard of the McCray home. Appellant brandished a gun with which he threatened Gary Mangrum. An argument ensued between Mrs. McCray and Appellant and progressed to the point that Appellant offered to fight her. Mrs. McCray and her brother went into the house after Mrs. McCray stated she was going to call the police although she did not intend then to do so. Later, Mrs. McCray, her brother, her three year old son Carl, and Christopher Lewis, a two year old she was attending, went out on the front porch of the house. Appellant appeared on the street and started toward a nearby corner as if to leave the area. He then turned, started back toward the house at which time Mrs. McCray again stated her intention to call the police, although at this time *699 she still did not intend to do so. As she was leaving as if starting toward a telephone, Appellant fired a shot in the direction of the porch. Mrs. McCray then decided she would call the police which she did. The investigating officer found a bullet hole in the wall of the porch near a corner. Gary Mangrum testified the officer removed a bullet from the porch wall.
Although the crime of attempted murder requires an act accompanied by specific intent to kill, as distinguished from mere intent to commit serious bodily harm, the firing of a shot aimed at the intended victim is some evidence on which the trier of fact could infer such specific intent.State v. Lee, 275 So.2d 757 (La.1973); State v. Butler, above.
Specific intent cannot be seen or photographed, it must be inferred from all circumstances established at trial. State v.Jones, 315 So.2d 650 (La.1975); State v. Vines, 245 La. 977, 162 So.2d 332 (1964).
Appellant's assignment of error is tantamount to the contention his conviction is contrary to the law and evidence. In disposing of such a contention, the appellate court is limited to a determination of whether, as a matter of law, the record contains no evidence to support the conviction. State v. Coleman, 322 So.2d 195 (La.1975).
Our review of the record discloses evidence upon which the conviction can be supported.
The judgment is affirmed.