362 So.2d 508 (1978)
STATE of Louisiana
v.
Louis STROTHER.
No. 61476.
Supreme Court of Louisiana.
September 5, 1978.
*509 Preston N. Aucoin, Ville Platte, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., Richard W. Vidrine, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
By bill of information filed April 29, 1977, the District Attorney of the Thirteenth Judicial District charged that Louis Strother "attempted to murder Larry Lee Richard" on or about April 16, 1977. Strother was arraigned on April 29, 1977 and entered a plea of not guilty. On the day set for trial, May 24, 1977, prior to the commencement of trial, the bill of information was amended to charge an attempt to commit first degree murder. R.S. 14:27 and 14:30. Defense motions for continuance and for a preliminary examination were denied, trial was conducted and the jury returned a guilty verdict. The court sentenced Strother to serve twelve years in the custody of the Department of Corrections. Strother appeals to this Court, relying on three assignments of error for a reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
On the morning of May 24, 1977, prior to trial's commencement, the bill of information which had merely charged an attempt to murder was amended to properly charge the appropriate degree of the attempted murder (attempted first degree murder). In response to the amendment the defense filed a motion for continuance, urging that whereas the original bill failed to validly charge a crime, the amended bill charged a crime which requires specific intent, preparation of the defense of which required additional time. Strother urged that requiring him to stand trial would deny him the right to file a motion for a bill of particulars in connection with the amended charge and would deny him a preliminary examination. The judge's ruling denying the continuance sought is the basis for this assignment of error.
Defendant's claim that the element of specific intent interjected by the State's amendment warrants the continuance sought, is without merit. Prior to amendment the bill clearly sought to charge an attempt to murder, albeit it was substantially defective. At the time this crime was committed, there were only two grades of murder, first degree and second degree, but an attempt to commit either, insofar as the necessary elements of the crimes are concerned, requires a specific intent to kill. See State v. Butler, 322 So.2d 189 (La.1975). Thus the amendment did not, as asserted, alter the complexion of the case to add the specific intent issue, that issue being present in any attempted murder prosecution.
Strother's claims that denial of the continuance deprived him of the right to file motions and seek a preliminary examination are equally lacking in merit. Where, as here, the amendment of a charging instrument is made to cure deficiencies, not to alter the nature of the crime, a defendant is without a right to be rearraigned and is not entitled to an opportunity to file the usual pre-trial motions upon the amended bill. State v. Bluain, 315 So.2d 749 (La.1975).
The burden of establishing that amendment has prejudiced the defense is on the defendant. State v. delaBeckwith, 344 So.2d 360 (La.1977). He has failed to sustain that burden of proof.
This assignment of error is without merit.

*510 ASSIGNMENT OF ERROR NO. 2
The trial court's denial of the preliminary examination sought by Strother after the State amended the information is the subject of this assignment. In the absence of a showing of specific prejudice resulting in an unfair trial, a complaint that the court improperly denied a preliminary examination becomes moot after conviction. State v. Redfud, 325 So.2d 595 (La.1976); State v. Pesson, 256 La. 201, 235 So.2d 568 (1970). At the time of the denial of the preliminary examination defendant could have sought review of the ruling by an application for supervisory writs. State v. Pesson, supra. Strother's complaints at this time come too late to avail him.

ASSIGNMENT OF ERROR NO. 3
By this third assignment of error, Strother complains that the guilty verdict returned by the jury is contrary to the law and the evidence. Jurisprudence pronouncing the rule that such an allegation present nothing for this Court to review is legion. State v. Boyd, 359 So.2d 931 (La.1978), No. 61,113, and cases cited therein.

Decree
For the foregoing reasons we hereby affirm defendant's conviction and sentence.
AFFIRMED.
SUMMERS, J., concurs.