411 So.2d 585 (1982)
STATE of Louisiana in the Interest of Gerald HICKERSON.
No. 14637.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Writ Denied April 21, 1982.
*586 Kay F. Howell, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee State of La.
Kathleen Stewart Richey, Asst. Public Defender, Baton Rouge, for defendant-appellant Gerald Hickerson.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an appeal from a holding of the Family Court, East Baton Rouge, adjudicating Gerald Hickerson a delinquent (as a result of having committed the offense of attempted second degree murder in violation of LSA-R.S. 14:30.1). Hickerson was ordered committed to the Department of Corrections until he reached age 21. Hickerson was born August 22, 1965. We affirm the adjudication but find Hickerson a delinquent as a result of having committed the lesser offense of aggravated battery (in violation of LSA-R.S. 14:34).
The witnesses' testimony regarding the alleged offense of attempted murder is highly inconsistent both as a whole and in many instances internally within that of a single witness, and it is almost impossible for us to arrive at a correct determination of the facts. Because we hold that Hickerson was not guilty of attempted murder, we will state the facts in a manner most favorable to the determination of possible guilt.
Hickerson and two companions, John Nowell and Jimmy Hunter, drank rather heavily on the night of August 30, 1980. They walked around Valley Park for about two hours before midnight and then went to a house where a friend, Aileen, was babysitting. While in the yard Hickerson and Hunter started "slap boxing", that is, slapping one another in the face in fun. One of the slaps accidentally hit Hickerson on the nose and he became angry. The two started arguing violently and Nowell came out of the house to break up the disturbance. He pushed the two apart. Hickerson went into the house and picked up a twelve inch knife (the combined length of the handle and blade being approximately twelve inches) and returned to the yard. The argument resumed between Hickerson and Hunter. Nowell again pushed Hickerson and Hunter apart. Hickerson, according to the testimony of one witness then said to Nowell, "If you push me again, man, I'll stab you." The other witness testified no such statement was made. In any event, the disturbance continued and Nowell pushed Hunter and Hickerson apart. Hickerson stabbed Nowell in the left shoulder with the knife. Nowell was taken to Earl K. Long Hospital where he remained about *587 a month. He is now fully recovered, apparently.
In order for an accused to be guilty of attempted murder, a specific intent to kill must be proven beyond a reasonable doubt. Although a specific intent to inflict great bodily harm may support a conviction of murder, the specific intent to inflict great bodily harm will not support a conviction of attempted murder. If it were unnecessary to prove specific intent to kill to establish attempted murder, the distinction between aggravated battery and attempted murder would in many cases lose its meaning, and in many cases an aggravated battery would become the more serious offense of attempted murder. State v. Butler, 322 So.2d 189 (La.1975).
Furthermore, as noted in Butler, under LSA-R.S. 14:27 an attempt to commit a crime involves a specific intent to commit a crime. The crime of murder is "the killing of a human being" under certain prescribed circumstances (using the analysis and emphasis as found in Butler). Thus, a person having the specific intent to inflict great bodily harm may lack the intent to commit murder, as he does not necessarily have the intent to kill another human being.
Applying the Butler analysis to the facts of this case, we see that at most Hickerson had the specific intent to inflict great bodily harm upon Nowell. There's nothing to show that Hickerson intended to kill Nowell. The testimony as to the alleged threat "If you push me again, man, I'll stab you" was obtained from a witness whose testimony was self-contradictory, who had a previous record of pleading guilty to charges of burglary and theft, and whose testimony in general was unworthy of belief. However, even if that statement was made, it does not necessarily show an intent to kill, as a stabbing does not necessarily result in death. Nor does the relative nearness of the blade to the heart indicate an intention to aim for the heart. The stabbing took place in a neighborhood where there were no street lights and in a yard in which porch or outside lights were not turned on. We cannot determine whether placement of the knife was accidental or deliberate. Nor can we say that the fact that Hickerson got the knife in the house shows an intent to kill. There is some testimony that he intended to leave and go home with the knife. We question the veracity of that testimony. However, at most, going into the house and getting the knife shows an intent to stab if he was pushed again by Nowell. A stab wound would not necessarily result in death. It did not in this case. The requisite intent to kill has not been proven.
However, under the holding of the Louisiana Supreme Court in State in the Interest of Batiste, 367 So.2d 784 (La.1979), a child may be adjudged a delinquent based on a finding that the child committed a lesser offense included within the crime alleged in the petition. Hickerson was alleged, by amended petition filed before the adjudicatory trial was begun, to have committed the offense of attempted second degree murder by stabbing John Nowell in the upper chest with a butcher knife. The offense alleged includes in the present case the offense of aggravated battery (in violation of LSA-R.S. 14:34), as stabbing a victim with a butcher knife clearly is a battery committed with a dangerous weapon. Also, Batiste indicates by footnote that it is relevant for the court to take into consideration whether or not the offense committed would be a responsive verdict to the offense charged (if the juvenile were an adult) in determining whether or not the juvenile could be adjudged a delinquent for having committed a lesser offense included within a greater offense. Under art. 814 of the Code of Criminal Procedure, guilty of aggravated battery is a responsive verdict to an indictment charging an adult with attempted second degree murder. As the petition indicates that Hickerson stabbed the victim with a butcher knife, Hickerson was obviously put on notice that he could be found to have committed the offense of aggravated battery. Hence, we hold Hickerson was correctly adjudicated a delinquent, but for having committed the offense of aggravated battery, rather than attempted second degree murder.
*588 We remand the matter to the trial court for it to determine anew the term of commitment taking the view expressed in this opinion into consideration.
ADJUDICATION AFFIRMED, REMANDED FOR DISPOSITION.