DUFRESNE, Judge.
The defendant, Eric Lee, was charged by Bill of Information with attempted second degree murder, R.S. 14:27 and 14:30.1. After trial by jury, he was found guilty of the lessor included offense of attempted manslaughter, R.S. 14:27 and 14:31. The district court judge sentenced the defendant to serve four years at hard labor. This appeal followed.
FACTS
The essential facts leading up to the offense were not in dispute. On December 24, 1983, Stephanie Pitcher drove over to the defendant’s home. She then drove back to her parents’ home in Metairie, Louisiana where defendant joined the family in Christmas Eve dinner and an exchange of presents. At approximately 2:00 a.m. the defendant, who was without a ride home, accepted Arthur Pitcher’s (Stephanie’s father) offer to drive him home. The defendant, Stephanie and her father proceeded to drive to the defendant’s home. Shortly after they drove off (at 1-10 west just past the Clearview overpass) a quarrel started between Mr. Pitcher and the defendant concerning comments he made about Stephanie. Pitcher then stopped the car.
According to Pitcher, the defendant began “swinging” inside the car, but he was not sure who hit first. Stephanie Pitcher testified that after the car was stopped, a struggle ensued between the defendant and her father outside of the car, in which the defendant’s first blow knocked her father to the ground and that the defendant kept hitting him. During this time a stranger drove up, observed the fracas, and apparently called the police.
Before the police arrived, Stephanie plead with the defendant to stop beating her father. He finally did stop. He then helped her get her father into the back seat of the car. According to Stephanie, the defendant then refused to let her drive to the hospital, insisting that he would.
When the police arrived, Stephanie and Mr. Pitcher were in the back seat of the car with the doors locked. The defendant was sitting on the hood of the car and appeared intoxicated. The defendant was arrested, without resistance, for second degree battery. The victim was taken to the hospital in an ambulance. The defendant was also taken to the hospital via squad car for a bloody nose. The defendant refused treatment and was then taken to the jail.
According to the defendant, he struck the victim five or six times because the victim struck him first. Otherwise the facts are undisputed.
SUFFICIENCY OF EVIDENCE
Defense counsel urges this court to vacate the jury verdict and to enter the more appropriate verdict of aggravated battery under State v. Byrd, 385 So.2d 248 (La.1980).
In State v. Trahan, 416 So.2d 65, 67 (La.1982), the Louisiana Supreme Court citing State v. Dauzat, 392 So.2d 393 (La. *1343 1980), held that “[a]ggravated battery is a statutory responsive verdict to a charge of attempted first degree murder. LSA-C. Cr.P. art. 814. However, if there is a total lack of evidence of any element of aggravated battery, the conviction must be reversed.” The court added that, “[t]he jury had to find the defendant intentionally used force or violence upon Charles Smith, employing a dangerous weapon.” Supra at 67.
In the present case defendant did not employ a dangerous weapon in his attack on the victim. Accordingly, while aggravated battery is a statutory responsive verdict to second degree murder, still it would not be a legally responsive verdict. State v. Trahan, supra, State v. Dauzat, supra. See State v. Henry, 439 So.2d 1242, 1248 (La.App. 5th Cir.1983), affirmed 449 So.2d 486, 488 (La.1984).
In connection with this assignment, defendant argues that the verdict of attempted manslaughter is contrary to the law and evidence because the state failed to offer any evidence which showed that the defendant had a specific intent to kill Pitcher.
The law is well settled that a specific intent to kill is an essential element of the crime of attempted second degree murder, and also of the responsive crime of attempted manslaughter. State v. Huizar, 414 So.2d 741 (La.1982); State v. Amant, 413 So.2d 1312 (La.1981); State v. Strother, 362 So.2d 508 (La.1978); State v. Butler, 322 So.2d 189 (La.1975). Thus, a person having the specific intent to inflict great bodily harm may lack the intent to commit murder, as he does not necessarily have the intent to kill another human being. State v. Butler, supra.
Consequently, it is necessary that a determination be made as to whether the circumstances presented support the jury’s finding that the defendant had the requisite specific intent to kill Pitcher when the defendant beat and kicked him.
In considering the sufficiency of the state’s proof, we must consider whether the evidence, when viewed in the light most favorable to the prosecution, would permit any rational trier-of-fact to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson rationale, the state is required to prove beyond a reasonable doubt every element of the charge against the defendant in order to convict him of that charge.
The state presented evidence that the defendant had the requisite specific intent to kill under State v. Graham, 420 So.2d 1126 (La.1982); State v. Strother, supra; State v. Butler, supra. The victim’s injuries from defendant’s multiple kicks and punches included fractures of both the upper and lower jaws, nasal cavity fracture, concussion, broken teeth, and broken ribs. In the doctor’s expert opinion given at trial, he said, “I think he’s lucky to be alive. ... he was in good medical and physical condition ... if he had not been ... I would have feared the consequences.” Stephanie Pitcher testified that the defendant said, “I’m going to kill you, you bastard” as he continued to beat and kick, her unconscious father. Stephanie testified that the defendant stopped beating her father only after her insistent pleas that he stop before he killed him.
The defendant’s brutal beating inflicted serious injury to the victim, though miraculously sparing his life. This evidence is sufficient to satisfy the reasonable doubt standard of Jackson.
This assignment of error is without merit.
Further, we have examined the record for errors patent on its face and find none.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.