496 So.2d 1099 (1986)
STATE of Louisiana
v.
Tyronne BANKS.
No. KA-4931.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*1100 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry Bourdreaux, Asst. Dist. Atty., New Orleans, for State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for Banks.
Before GULOTTA, KLEES and BYRNES, JJ.
BYRNES, Judge.
Defendant, Tyronne Banks was convicted of armed robbery, a violation of R.S. 14:64 and attempted second degree murder, a violation of R.S. 14:27 and 14:30.1 in connection with an incident which occurred on December 17, 1984. He was sentenced to ninety-nine years at hard labor for his armed robbery conviction and fifty years at hard labor for his attempted second degree murder charge. These sentences were to run consecutively. Subsequently, the trial court found the defendant to be a multiple offender, set aside his original sentence and re-imposed the same sentence pursuant to R.S. 15:529.1. On appeal the defendant argues three assignments of error. We affirm both convictions but vacate the multiple offender sentences and remand the case for resentencing.
The facts of the case are as follows: On the afternoon of November 13, 1984, Shawn Mediaus had just left Carver Senior High School when a man he later identified as the defendant, Tyronne Banks, rode up on a bicycle and demanded Mediaus' jewelry. According to Mediaus and a witness, when Mediaus refused and tried to walk away, Banks pulled out a gun, grabbed Mediaus and shot him once in the back. As Mediaus lay on the ground, Banks snatched *1101 jewelry from around the victim's neck and threatened to shoot Mediaus again if he didn't take off a ring. Before the victim could comply, Banks fled.
The defendant denied shooting Mediaus and insisted that the shot was fired by another party while he and Mediaus argued over the ownership of the bicycle the defendant was riding.

ASSIGNMENT OF ERROR 1
By his first assignment of error, Banks contends that because the evidence presented at trial did not establish that he had the specific intent to kill the victim it was insufficient to support his conviction for attempted second degree murder. R.S. 14:30.1 defines second degree murder as the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm ..."
Under R.S. 14:27:
"Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose ..." (emphasis added)
R.S. 14:10(1) defines specific criminal intent as: "... that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act."
While a conviction for second degree murder can be obtained by showing that the defendant had the specific intent to kill or inflict great bodily harm, a conviction for attempted second degree murder can only be obtained by showing that the defendant had the specific intent to kill and committed an act tending to accomplish that purpose. State v. Strother, 362 So.2d 508 (La.1978); State v. Butler, 322 So.2d 189 (La.1975). See also State in Interest of Hickerson, 411 So.2d 585 (La.App. 1st Cir.1982), writ den., 413 So.2d 508 (1982). Thus, to obtain a conviction in this case the State was required to prove that Banks actively desired to kill Mediaus when he shot him in the back.
Intent can be proven by direct evidence or it may be inferred from the circumstances of the case. R.S. 15:445. In the instant case, the victim and a companion who witnessed the incident both testified that the defendant threatened to shoot Mediaus, then executed this threat by shooting him in the back at close range. Mediaus also testified that after he was shot, the defendant threatened to shoot him again if he did not remove a ring. From these facts, the jury concluded that the defendant had the specific intent to kill Mediaus. This result is consistent with jurisprudence which holds that specific intent to kill can be infered from the fact that a defendant aims a weapon at a vital part of a victim's body and fires at close range. See State v. Noble, 425 So.2d 734 (La.1983); State v. Boyer, 406 So.2d 143 (La.1981); State v. Bickman, 480 So.2d 423, (La.App. 4th Cir.1985).
In reviewing the sufficiency of evidence to support a conviction an appellate court should view the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard applies to both direct and circumstantial evidence. State v. Garcia, 483 So.2d 953 (La.1986); State v. Rosiere, 488 So.2d 965 (La.1986).
Applying this standard to the record in this case, we cannot say that the jury's verdict was irrational or unsupported by the evidence. It does not seem unreasonable to conclude that shooting a person in *1102 the back at close range demonstrates an intent to kill that person. This assignment is without merit.

ASSIGNMENT OF ERROR 2
By this assignment of error the defendant asserts that convicting him of both attempted second degree murder and armed robbery violated the prohibition against double jeopardy. This argument is based on the erroneous assumption that the defendant was convicted of an attempt to commit second degree murder under R.S. 14:30.1(2) the felony-murder provision. Under this provision, a person can be convicted of second degree murder if he kills a human being during the perpetration or attempted perpetration of certain enumerated felonys (including armed robbery) "... even though he has no intent to kill or inflict great bodily harm." Subsection (1) of R.S. 14:30.1 applies to homicides committed when the defendant has specific intent to kill.
The bill of information in this case charges the defendant in count one with armed robbery against Shawn Mediaus while count two charges that he "attempted to commit second degree murder of one Shawn Mediaus". The fact that the defendant was convicted of attempted second degree murder, which requires a showing of specific intent to kill, leaves no doubt that he was convicted under subsection (1) of R.S. 14:30.1.
The prohibition against double jeopardy protects an accused not only from a second prosecution for the same offense but also from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983); State v. Steele, 387 So.2d 1175 (La.1980); State v. Buttner, 489 So.2d 970 (La.App. 4th Cir.1986).
Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Dubaz, 468 So.2d 554 (La.1985). The test is applied to the evidence required to convict, not to all evidence presented at trial. State v. Steele, supra.
In the present case, the evidence required to support a conviction of attempted second degree murder under subsection (1) of R.S. 14:30.1 did not include proof of armed robbery. Likewise, the conviction of armed robbery did not require proof of an intent to kill. Because each crime requires proof of an additional fact which the other does not, Banks' conviction on both counts does not violate the ban against double jeopardy. This assignment is without merit.

ERRORS PATENT
We have also reviewed the record for errors patent and find one error. It appears from the transcript of the multiple bill hearing that the trial court sentenced the defendant as multiple offender under R.S. 15:529.1 on both the attempted second degree murder and armed robbery convictions even though both convictions were entered on the same date.
In State v. Sherer, 411 So.2d 1050 (La. 1982), the Supreme Court held that convictions of more than one count entered on the same date should be treated as one conviction when applying this statute. See also State v. Wells, 454 So.2d 403 (La.App. 4 Cir.1984); State v. Junegain, 478 So.2d 542 (La.App. 4th Cir.1985). The trial court erred by doing otherwise. We, therefore, vacate the defendant's sentence as a multiple offender and remand the case to the trial court for resentencing.

ASSIGNMENT OF ERROR 3
Discussion of this assignment, which contends that Banks' sentence was excessive is rendered unnecessary by our remand of the case for resentencing.
For the foregoing reasons, the defendant's convictions are affirmed. His multiple offender sentences are vacated and the case is remanded for resentencing.
*1103 CONVICTIONS AFFIRMED.
MULTIPLE OFFENDER SENTENCES VACATED AND REMANDED FOR RESENTENCING.