514 So.2d 589 (1987)
STATE of Louisiana
v.
Graylin CASS.
No. KA-6882.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
*590 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Patricia I. Edwards, Asst. Dist. Attys., New Orleans, for appellee.
Before BARRY, BYRNES and ARMSTRONG, JJ.
BYRNES, Judge.
Defendant, Graylin Cass was convicted of attempted second degree murder, a violation of R.S. 14:27 and 30.1. He was sentenced to serve nine years at hard labor and ordered to pay $30.00 court costs or serve an additional thirty days in jail in default of payment. We affirm the conviction and amend the sentence.

FACTS
On June 25, 1985, Urban Wilkinson was inside his step-van when he looked up and observed the defendant, Graylin Cass, pointing a gun at him through the open back door. Although Cass had not spoken to Wilkinson, Wilkinson told Cass to calm down. Cass then fired his gun, but missed Wilkinson. Cass aimed again, and Wilkinson threw a roll of paper towels at him. When Cass flinched, Wilkinson jumped from the van and started running down the street. Cass gave chase, fired his gun, but missed Wilkinson again. Cass continued chasing Wilkinson until he flagged down two other men in a passing vehicle. At that point Cass turned and ran back to his house. Wilkinson testified that he had never seen Cass prior to this incident, and that the first time he noticed Cass was when he looked up and saw Cass pointing the gun at him.
Geneva Sneed, a neighbor of Cass, testified that prior to the shooting she had been speaking to Wilkinson on the street. She saw Cass drive up and enter his house. She estimated that he remained in the house for about ten minutes before he re-emerged and walked past her toward Wilkinson's truck. Ms. Sneed further testified that as she turned around and started walking back toward her house she heard a gunshot and ran inside to call the police. After contacting the police, she looked outside and saw Cass entering his house carrying a gun in one hand and his shoes in the other. When the police arrived, Cass was arrested.

ASSIGNMENT OF ERROR NO. 1
By his first assignment of error, Cass contends that the trial court erred by imposing jail time in lieu of the payment of court costs. We agree. At arraignment, Cass was declared indigent. At sentencing, he was ordered to pay $30.00 court costs or serve thirty days in jail in default of payment. This was error. An indigent defendant cannot be subjected to imprisonment for a longer period of time simply because he cannot pay a fine or court costs. State v. Barnes, 496 So.2d 1056 (La.App. 4th Cir.1986). We therefore vacate that portion of the sentence which imposed additional jail time in lieu of payment of court costs.

*591 ASSIGNMENT OF ERROR NO. 2
By his second assignment of error, Cass contends that the State failed to present sufficient evidence to support his conviction. Specifically, he alleges that he had been smoking a combination of marijuana and PCP (commonly known as clickums) before the crime and that his degree of drug intoxication was such that he could not have formed the specific intent to kill which was necessary to convict him of attempted second degree murder. We disagree.
In reviewing the sufficiency of evidence to support a conviction, appellate courts must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984). However, R.S. 15:438 does not establish a stricter standard of review than the more general formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
Cass was convicted of attempted second degree murder. Second degree murder is defined in part as "the killing of a human being ... [w]hen the offender has a specific intent to kill or to inflict great bodily harm", R.S. 14:30.1(1). An attempt is defined by R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
Although the completed crime of second degree murder can be proven by showing either specific intent to kill or to inflict great bodily harm, specific intent to kill must be shown to support a conviction for attempted second degree murder. State v. Strother, 362 So.2d 508 (La.1978); State v. Butler, 322 So.2d 189 (La.1975); State v. Banks, 496 So.2d 1099 (La.App. 4th Cir. 1986). Thus, in order to support defendant's conviction in this case, the State had to prove that he had the specific intent to kill.
At trial, the victim positively identified Cass as the man who aimed a gun at him, fired, missed, aimed again, chased him down the street, firing at him and missing him once again. Cass contends that he was under the influence of PCP at the time, and was not sufficiently aware of his actions to formulate the specific intent to kill. The record does not support this contention.
"Criminal intent may be inferred from the circumstances of the crime and the defendant's activities." State v. Vanvorst, 505 So.2d 123 (La.App. 4th Cir.1987). R.S. 14:15 provides in part that:
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
(2) Where the circumstances indicate that an intoxicated or drugged condition had precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
In State v. Massey, 436 So.2d 522 (La.1983), the Court held that: "Voluntary intoxication is a defense to a prosecution for second degree murder only where the circumstances indicate that it has precluded the presence of specific criminal intent."
*592 Here, the defendant admitted that he had been smoking "clickums" before the incident. His intoxication was clearly voluntary.
To support its theory of non-responsibility, the defense presented the expert testimony Dr. Monroe Samuels regarding the potential violent and irrational effects of PCP on some users. Dr. Samuels testified that some users of "clickums" exhibited bizarre behavior and symptoms of psychosis and paranoia. He further testified that other users could have clear and rational thought processes while under the influence of "clickums". However, he also stated that a person exhibiting bizarre behavior while under the influence of PCP would continue to exhibit that type of behavior and would not suddenly become rational. Finally, he testified that he had never examined Cass while under the influence of "clickums" and could not predict how Cass would react while in this state.
Graylin Cass testified that when he uses "clickums", he hallucinates and thinks he is someone else (such as Marvin Gaye). He testified that he had been hospitalized once before while under the influence of "clickums". He claimed that on the morning of the shooting he and another person smoked some "clickums" and as a result he did not remember anything that happened after he returned home. He denied having any intention of robbing or shooting Wilkinson or of committing any crime. He admitted having a prior conviction for shoplifting.
Robert Sanford, a friend of Cass, testified that he had observed Cass under the influence of "clickums" and had known him to become emotional and start crying or yelling. He did not know if Cass has smoked "clickums" on the day of the crime. He also did not know if Cass had ever been hospitalized for any mental disorder connected to his drug use.
The arresting officer testified that at the time of the arrest (less than one hour after the shooting), Cass was calm did not appear "wild eyed" or "drugged". The officer stated that Cass appeared to understand that he was being arrested, and correctly gave his name, address and date of birth.
Apparently the jury chose not to believe Cass when he testified that he did not remember the incident. Instead, the jury must have concluded that his thought processes were clear and rational at the time of the shooting. The credibility of witnesses lies within the province of the jury, and a finding that one witness (here the arresting officer) is more credible than another (here the defendant) will not be disturbed unless it is clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La.1984); State v. Turner, 499 So.2d 1282 (La.App. 4th Cir.1986). Having carefully reviewed the record, we cannot say that the jury's conclusions were irrational or clearly wrong.
We have also reviewed the transcript of defendant's trial for errors patent and find no errors.
For the foregoing reasons, defendant's conviction is affirmed and his sentence is amended to delete the provision that he serve an additional 30 days in default of payment of court costs.
CONVICTION AFFIRMED; SENTENCE AMENDED.