505 So.2d 123 (1987)
STATE of Louisiana
v.
Charles VANVORST
No. KA 6170.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
*124 M. Craig Colwart, Orleans Indigent Defender Pro., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, WILLIAMS and ARMSTRONG, JJ.
CIACCIO, Judge.
Defendant, Charles Vanvorst was charged with the crimes of the attempted first degree murder of Dave Morales, a New Orleans Police Officer, and the attempted armed robbery of Duane Duke. La.R.S. 14:27, 14:30, 14:64. A jury found the defendant guilty of attempted manslaughter and acquitted him of the charge of attempted armed robbery. The court sentenced the defendant to 10½ years at hard labor. This sentence was vacated and the defendant was resentenced to 8½ years at hard labor for the manslaughter offense and 2½ years at hard labor without the benefit of parole, probation or suspension of sentence for the use of a firearm in the course of an attempted manslaughter. La. R.S. 14:95.2. The defendant appeals his conviction and sentence relying upon three assignments of error. Finding merit with one of the defendant's assignments of error, we affirm the conviction, vacate the amended sentence and reinstate the original sentence.
The record reveals the following facts:
On June 17, 1984 at approximately 1:30 a.m. Henry Desrocher, Gayle Noto and Duane Duke had left Jason's Bar on Canal Street and Jefferson Davis Parkway. They proceeded down Canal Street and stopped for a red light at Canal and Broad Streets in New Orleans. At that time, defendant, Charles Vanvorst approached their vehicle and requested a ride to the French Quarter. The trio, who were going to Chalmette, agreed to give Vanvorst a ride. The car, with the trio in the front seat and Vanvorst in the back seat, proceeded down Canal Street towards the river. In the vicinity of Canal Street and Claiborne Avenue, Vanvorst pulled a gun, pointed it at Duke's head and demanded money from the occupants of the vehicle. They indicated that they did not have any money. Vanvorst fired the gun and a bullet hit the floorboard of the car. The car was stopped and Desrocher, Noto and Vanvorst exited the vehicle. Noto ran towards Rampart Street and secured a ride to Chalmette. Vanvorst ran towards the Iberville Project and he disappeared from sight. Duke and Desrocher went to search for Noto but they were unsuccessful in finding her. They thereafter went in search of Vanvorst and they spotted him hurrying towards Canal Street. Duke and Desrocher spotted Sergeant Dave Morales of the New Orleans Police Department, who was on routine patrol in the area of the Iberville Project. They notified him that they were victims of an attempted robbery and thereafter identified Vanvorst as the perpetrator of the offense. At this time Vanvorst was walking down the bus lanes on Canal Street. Officer Morales pulled his vehicle up to Vanvorst, exited the vehicle and identified himself as a policeman. At this time Vanvorst was shirtless. He had the shirt draped over his hand and was holding the loaded revolver under the shirt. As Morales approached, Vanvorst fired at close range. The gun misfired and Morales was able to grab the gun from Vanvorst's grip and arrest him.
The gun was a .22 caliber Smith and Wesson and the spent casing on the floor of the trio's vehicle matched those inside the gun. Officer Otto Stubbs, an expert in firearm examination, who analyzed this evidence, estimated that the gun misfired due to faulty ammunition.
Vanvorst, who testified in his own defense admitted being an alcoholic. He stated that during the course of the night of this incident he had drank 1½ quarts of Vodka, and one or two additional drinks at a bar before securing a ride to the French Quarter. He stated that in route he changed his mind about going to the French Quarter because he had this gun in his pocket and did not know what he'd do with it while in the Quarter. He also said that he became frightened he might be *125 robbed by the trio in the car. According to Vanvorst he demanded to be released from the car but was refused. He thereafter pulled the gun from his pocket and fired it in order to scare the occupants of the car into releasing him. He denied attempting to rob them. He also denied attempting to kill Officer Morales.

Assignment of Error No. 1
Through this assignment of error the defendant contends that the trial court erred, when on September 16, 1985, pursuant to the State's motion to amend sentence, it resentenced him for the substantive offense of attempted manslaughter and for the use of a firearm in the commission of that felony. La.R.S. 14:27, 14:30, 14:95.2. The defendant argues that the trial court lacked jurisdiction at the time of the resentencing and the State's failure to charge him, in the bill of information, with the enhancement charge (i.e. use of the firearm in the commission of the offense) precluded his subsequent conviction and sentence for this offense. C.Cr.P.Art. 916; La.R.S. 14:95.2. We agree.
On August 28, 1985 the court sentenced the defendant to 10½ years in the Department of Corrections. On that date the defendant's motion for appeal was granted.
On September 4, 1985 the State filed a motion to amend the defendant's sentence seeking an additional two year sentence for the defendant's use of a firearm. La.R.S. 14:95.2. On September 16, 1985 the Court vacated the defendant's sentence and resentenced the defendant to 8½ years imprisonment for the attempted manslaughter conviction and 2 years imprisonment without benefit of parole, probation or suspension of sentence for the use of the firearm during the commission of this felony.
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entry of the order of appeal. La.C.Cr.P. Art. 916.
Following the appeal order the trial court has limited jurisdiction for those instances set forth in Louisiana Code of Criminal Procedure Article 916, as follows:
(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
(2) Correct an error or deficiency in the record.
(3) Correct an illegal sentence or reduce a legal sentence in accordance with Article 913(B).
(4) Take all action concerning bail permitted by Title VIII.
(5) Receive assignments of error and add per curiam comments.
(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
(7) Impose the penalty provided by Article 844. (Emphasis Supplied)
Thus we must determine if the defendant's prior sentence as constituted was "illegal."
The defendant was initially sentenced for the crime of attempted manslaughter. La. R.S. 14:27, 14:30. The penalty provision of the manslaughter statute requires that "[W]hoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years." La.R.S. 14:31. One who attempts this crime shall be punishable by "... one-half of the longest term of imprisonment prescribed for the offense..." La.R.S. 14:27. Additionally, Louisiana Revised Statute, Title 14 Section 95.2 provides for an additional penalty for the use of a firearm during an attempted manslaughter: It provides as follows:
R.S. 14:95.2. Additional penalties for possession of a firearm or explosive device in the commission of certain crimes
A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment *126 for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence of credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section. (Emphasis Supplied).
In the decision of State v. Jackson, the Louisiana Supreme Court found that, although this enhancement statute states that the offender "shall serve," this language is not mandatory and it does not compel the court to impose this enhanced sentence in all those cases ennumerated in the statute. 480 So.2d 263 at 267 (La., 1985).
Since under the facts of this case the court was not legally compelled to impose the enhanced sentence at the time of the defendant's initial sentence, the court's initial sentencing of the defendant was not "illegal." As such, once the appeal order was signed the court lacked jurisdiction to impose the enhanced sentence.
Additionally we find, as conceded by the State, that the resentencing was legally infirm because the defendant was not charged in the bill of information with the offense of use of a firearm during an attempted manslaughter. The Supreme Court in Jackson, supra at 268 addressed this issue:
Although Sec. 14:95.2 does not define a fully independent crime, it does define criminal activity, use of a gun attending commission of ten specified felonies, and it does provide for an independent or supplemental penalty. Furthermore, it appears in the Criminal Code (Chapter 1 of Title 14) at Part VI "Offenses Affecting the Public Generally," Subpart A "Offenses Affecting the Public Safety." It is sufficiently an accusation as to require that the accused "be informed of the nature and cause" thereof (U.S. Const. amend. art. VI and In re Oliver 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682). The prescribed method in Louisiana for informing an accused of a criminal charge, in this instance Sec. 14:95.2, is inclusion in a bill of information or indictment.
In this case the defendant Jackson was not charged with firearm use, or, more specifically, violation of Sec. 14:95.2. Nor did the jury convict him of same. Accordingly he may not be sentenced to the additional two years at hard labor under the provisions of Sec. 14:95.2.
For these reasons we find that this assignment of error has merit and we will vacate the defendant's amended sentence, imposed on September 16, 1985 and reinstate the original sentence imposed on August 28, 1985. C.Cr.P. Art. 882.
Assignment of Error No. 2
The defendant, in assignment of error number 2, argues that the trial court erred by imposing an excessive sentence.
Louisiana Constitution Article I Section 20 of 1974 prohibits the imposition of excessive punishment. The imposition of a sentence although within statutory limit, may be unconstitutionally excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a purposeless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La., 1984).
In imposing sentence the court should attempt to tailor the sentence to the particular defendant and crime involved. State v. Jackson, 360 So.2d 842 (La., 1978). The trial court must state for the record the aggravating and mitigating factors which it considered in arriving at the sentence to be imposed. C.Cr.P. Art. 894.1. State v. Quebedeaux, 424 So.2d 1009 (La., 1982).
*127 In considering this case at sentencing, the trial judge stated:
BY THE COURT:
All right. For the record in this matter, the trial was held before a jury of twelve people last week in this Court. Mr. Vanvorst was charged with attempted first degree murder of Sgt. David Morales, and an attempted armed robbery of a Mr. Dwayne Duke. The court has reviewed the provisions of Article 894.1.... However, Sgt. Morales in performing his duties as a police officer, attempting to make the arrest of this defendant, was confronted by this defendant who placed a revolver wrapped in a shirt ten inches away from Sgt. Morales' chest, and pulled the trigger.... But for that, Sgt. Morales could very well have been dead on Canal Street because of the actions of this defendant.
The police officers in this City have enough problems without people like you, for whatever reason, trying to blow them away. What you did, this Court believes, whatever break you deserve, the jury gave to you in this matter by coming back with the responsive verdict of attempted manslaughter.... But, your rap sheet shows a number of different arrests, dating back to 1971, mostly in New York City. The court believes that if you were placed on probation, that there would be an undue risk that you would commit another crime. The court also believes you definitely in need of a custodial environment and correctional treatment, and the court believes that any lesser sentence than its about to give would deprecate the seriousness of your crime. The court has reviewed the mitigating circumstances in Article 894.1. The first one obviously doesn't apply, that the defendant's criminal conduct neither caused nor threatened serious harm. You came with a millimeter of killing a nineteen year police officer. Your conduct did threaten very serious harm. That you did not contemplate that your conduct would cause a threat and serious harm, this Court believes that despite your protestations that you were drunk, and didn't know what you were doing, you obviously knew enough when confronted by a police officer, to place a gun ten inches away from his chest and pull the trigger. So, you knew what you were doing. That the defendant acted under strong provocation, the court believes there could be no provocation for what you attempted to do to Sgt. Morales. That there was a substantial ground tending to excuse or justify your conduct, there can be no excuse for what you tried to do. That the victim's criminal conduct induced or facilitated the commission of your crime, obviously, that doesn't apply as to Count One with Sgt. Morales. That you've compensated, or will compensate the victim for your criminal conduct doesn't apply. That you have no history of prior delinquency or criminal activity, or led a law abiding life, your rap sheet from New York showing at least fourteen different arrests in New York from '71 to '83 shows that that isn't true. The same would apply as tothat this is a result to circumstances unlikely to occur, or that you are unlikely to commit another crime, the court believes neither of those are true. That you're particularly likely to respond to affirmatively to probationary treatment, in New York you were placed on probation before. It obviously didn't do you any good, or that it would entail excessive hardship on yourself or your dependents, the court obviously believes that isn't true also, or even if it was, the court doesn't believe that that would in any way justify reducing the sentence, since the jury found you guilty of attempted manslaughter of Sgt. Morales. Manslaughter carries a penalty of twenty-one years, attempt means half of that, so it is the sentence for the reasons outlined by the court just now, and because the court does believe that whatever break you got, you got from the jury.
In this case the court considered a number of aggravating and mitigating factors before sentencing the defendant to imprisonment for 10½ years. The sentence was within statutory limits. Considering the severity of the crime and the personal *128 history of this defendant, such a sentence is not excessive nor is it an abuse of the trial court's discretion.
For these reasons, this assignment lacks merit.

Assignment of Error No. 3
By this assignment the defendant contends that the evidence at trial does not support his conviction for attempted manslaughter in that his intoxication at the time of the commission of the offense prevented him from forming the requisite specific intent.
A specific intent to kill is an essential element of the crime of attempted manslaughter. La.R.S. 14:27, 14:31. State v. Butler, 322 So.2d 189 (La., 1975). Where the circumstances indicate that an intoxicated condition has precluded the presence of a specific criminal intent, this fact constitutes a defense to the prosecution for the crime. La.R.S. 14:15. Criminal intent may be inferred from the circumstances of the crime and the defendant's activities. State v. Graham, 420 So.2d 1126 (La., 1982).
In reviewing the sufficiency of the evidence the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that all the elements of the offense were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La., 1984). Where the conviction is based upon circumstantial evidence, such evidence must include every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Camp, 446 So.2d 1207 (La., 1984). When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defendant, that hypothesis fails, and the defendant is found guilty unless there is another hypothesis which raises a reasonable doubt. State v. Langford, 483 So.2d 979 (La., 1986).
There exists conflicting evidence regarding the defendant's condition at the time of the perpetration of this offense.
The defendant testified that he was an alcoholic and he consumed a quart to a quart and a half of Vodka and a few beers before getting a ride with Duke, Desrochers, and Noto. He also indicated that he may have consumed another beer in the interval between the time he exited their car and reappeared an hour later.
Gerald Rigney, a witness called by the defense indicated that he knew the defendant to be an alcoholic. He also knew that the defendant had gone to a neighbor's house on the night of this crime and that house contained liquor.
Duke testified that he did not notice the defendant being intoxicated when the trio picked him up on Canal Street. Each occupant of the car testified that the defendant pulled a gun, demanded money and then fired the gun when they claimed to have no money. The defendant also admitted to purposely firing the gun in the car. Duke and Desrochers testified that Vanvorst apparently recognized them on the street, after fleeing their car, and that he fired at them and then fled.
Sergeant Morales testified that when he confronted the defendant just prior to the attempted shooting the defendant did not appear to be staggering. The defendant, was hiding his gun inside his shirt which was wrapped around his hand. He pointed the hidden gun at the policeman's chest and pulled the trigger. Morales further testified that he did not smell alcohol on the defendant at the time of the arrest.
The jury apparently rejected the hypothesis of innocence due to intoxication as presented by the defendant and they inferred criminal intent from the circumstances of the crime and the defendant's actions. This finding is supported by the record.
Therefore, we conclude that viewing the evidence in the light most favorable to the prosecution a rational trier of fact could have concluded that all the elements of the offense (including specific intent) had been proven beyond a reasonable doubt. For these reasons we find that this assignment of error lacks merit.
*129 For the reasons assigned defendant's conviction is affirmed, his amended sentence imposed on September 16, 1985 is vacated and set aside, and his original sentence, imposed on August 28, 1985 is reinstated.
Conviction Affirmed; Amended Sentence Vacated and Set Aside; Original Sentence Reinstated.