GAUDIN, Judge.
Robert Sheppard was sentenced in the 24th Judicial District Court to 99 years at hard labor without benefit of parole, probation or suspension of sentence, the statutory maximum for armed robbery, LSA-R.S. 14:64. On appeal, he contends (1) that this sentence is excessive and (2) that there are errors patent.
Sheppard had been charged with two armed robberies, one of which was dismissed in exchange for a plea of guilty to the other charge. Sheppard was accused of robbing, while armed with a handgun, two convenience stores in Jefferson Parish in quick succession on March 26, 1986.
*119 When a police officer attempted to apprehend Sheppard following the second armed robbery, a scuffle ensued during which the policeman was shot three times and left on the ground crying for help. Sheppard was arrested later at his residence.
Although Sheppard is a 21-year-old with no prior criminal record, we affirm his 99-year sentence.
During both robberies, Sheppard threatened the cashiers with harm if they didn’t hand over all of the store’s money. Returning to his home in New Orleans, Sheppard was stopped near the Jefferson-Orleans line by a Jefferson Parish police officer. Both Sheppard and the officer exited their respective automobiles. Thinking that the policeman was going to kill or injure him, Sheppard said, he grabbed the officer’s pistol and kneed him in the groin. During the physical encounter, the officer was shot in the head and arm.
Sheppard told the probation officer doing the presentence investigation that he (Sheppard) had been smoking PCP cigarettes on the night of the robberies and that he was hallucinating.
When Sheppard was sentenced in Jefferson there was a pending charge in Orleans for attempted murder of a law enforcement officer.
In passing sentence, the district judge noted that one of the Jefferson armed robbery counts had been dismissed because of Sheppard’s plea, that a police officer’s life had been placed in jeopardy, that the officer had sustained severe permanent injuries and that a handgun had been used by Sheppard to place the life of at least one other victim in danger. While the second cashier couldn’t be located during the pre-sentence investigation, Sheppard admitted that the second robbery had been committed like the first.
During the initial robbery of a Time Saver located at 1001 Metairie Road, Sheppard pointed his pistol at the cashier and cocked it while demanding money. The second robbery took place at another Time Saver situated nearby.
Generally, sentences are deemed constitutionally excessive if they are nothing more than the purposeless and needless imposition of pain and suffering and are grossly disproportionate to the severity of the crime. Here, the trial judge no doubt felt, as do we, that a physical and unprovoked attack on a police officer resulting in severe injuries is among the most serious of offenses. It is fortunate that the officer didn’t die because of his wounds but Sheppard deserves no credit for this.
A trial judge has wide discretion in determining appropriate sentences, and that judiciousness is not breached by the imposition of the maximum sentence on an offender who places the lives of innocent victims (the two cashiers) in grave danger and who then assaults and critically wounds a police officer.
This Court does not lightly consider a 99-year sentence; however, we cannot say that this penalty shocks our sense of justice.
Some factors do mitigate in Sheppard's favor, as the presentence report indicates. He is a first offender, a high school graduate and had been regularly employed. Although the trial judge did not specifically mention mitigating circumstances when sentencing Sheppard, thus technically not complying with the LSA-C.Cr.P. art. 894.1 guidelines, the trial judge read the report' and ordered it sealed and placed in the record for appellate purposes.
In State v. Kennedy, 461 So.2d 455 (La. App. 5th Cir.1984), this Court said at page 457:
“We now consider whether the trial court adequately complied with LSA-C.Cr.P. art. 894.1. Rather than articulate reasons for sentencing, the trial court made defendant’s presentence investigation a part of the record.
“If where the trial court has failed to comply with LSA-C.Cr.P. art. 894.1 by providing some reasons for its maximum sentence, and there are facts in the record which would allow us to make an independent determination of whether this sentence is excessive, we may do so....”
Considering the particulars of Sheppard’s case, the imposed maximum sentence is not excessive.
*120 Finally, we searched for errors patent and found none. Sheppard, represented by competent counsel, entered his guilty plea freely and voluntarily and after the prosecution agreed to dismiss one of the charges. Appellant’s sentence is affirmed.
AFFIRMED.