567 So.2d 177 (1990)
STATE of Louisiana
v.
Oscar D. SANDERS.
No. 89-KA-0207.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1990.
*178 Harry F. Connick, Dist. Atty., Daniel A. Claitor, Asst. Dist. Atty., New Orleans, for state.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GARRISON, BARRY and PLOTKIN, JJ.
PLOTKIN, Judge.
The defendant, Oscar Sanders, was charged in a bill of information with two counts of attempted robbery in violation of LSA-R.S. 14:27 and 65, and, in another bill of information, with possession of marijuana, in violation of LSA-R.S. 40:966(D)(1). Both charges stemmed from the same course of conduct on January 23, 1987. Sanders pleaded not guilty to both charges which were then consolidated. After the defendant waived his right to trial by jury, both charges were tried before a judge. Sanders was found guilty on all counts. On the basis of a prior conviction for armed robbery, Sanders was sentenced as a second felony offender to three years at hard labor on each of the armed robbery counts, and to six months on the possession of marijuana charge. All three sentences were imposed to run concurrently.
On January 23, 1987, Sanders boarded a public bus in New Orleans. There were many passengers on the bus, including a number of school children. Sanders ordered the driver to stop the bus. When the driver did not comply, Sanders came to the front of the bus, again ordered the driver to stop the bus and said he wanted to drive the bus to Washington, D.C. The driver stopped the bus in the middle of the street, locked it out of gear, hit the emergency button, and opened the doors so that the passengers could exit. Sanders grabbed the driver by the neck and arm and jerked him out of the driver's seat. Sanders then tried to start the bus, but was unable, because the driver had locked the gears. The driver called his dispatcher on the bus telephone. After Sanders was unable to start the bus, he got off and walked down the street.
Nearby on Annette Street, Sanders arrested Charlie Medina who was returning from work, getting out of his car in front of his house. Sanders asked Medina for a ride to Washington, D.C. Medina refused. Sanders then pushed Medina aside, got into the car, and demanded the keys. Medina went into his house, got his shotgun and a pistol, and held the guns on Sanders until the police arrived. When the police arrested Sanders, they discovered an envelope containing marijuana in his possession.
In his first assignment of error, Sanders contends that he did not knowingly and willingly waive his right to a trial by jury.
A defendant charged with a non-capital offense may knowingly and intelligently waive a jury trial and elect to be tried by a judge. La.C.Cr.P. art. 780.
The presumption is against the waiver of the fundamental right to a jury trial. State v. Page, 541 So.2d 409, 410 (La.App. 4 Cir.1989), writ denied 548 So.2d *179 323, citing State v. McCarroll, 337 So.2d 475, 480 (La.1976). In order to protect this right and to avoid postconviction attacks on the waiver, a judge should personally advise the defendant of this right and require the defendant personally to waive the right either in writing or by statement in open court on the record. State v. Wilson, 437 So.2d 272, 275 (La.1983).
In this case, a colloquy on waiver of the right to a jury trial was conducted in open court on April 15, 1987. The transcript shows that the judge did personally advise Sanders of his right to a jury trial. Sanders then personally stated that he wished to have a trial before a judge. There is no indication in the record that his decision was made unknowingly or unwillingly. This assignment of error is without merit.
Appellant's second assignment of error is that the trial court erred in not finding him not guilty by reason of insanity.
The trial court held a lunacy hearing to determine whether Sanders was mentally competent to stand trial. It found that he was competent and retained the witnesses for testimony as to Sanders' mental state at the time of the offense.
Sanders pled "not guilty" to the offenses charged. The record does not show that he was rearraigned or altered his plea. When a defendant has pleaded "not guilty," and not "not guilty by reason of insanity," evidence of the defendant's insanity or mental defect at the time of the offense is not admissible. La.C.Cr.P. art. 651.
In this case, the trial court erred in admitting evidence of Sanders' mental state at the time of the offense. However, such error was harmless because the medical testimony did not prejudice the defendant as to his conviction or sentence. It did not conclusively prove that he was insane at the time of the offense, that is, that he was undergoing a toxic psychosis induced by his smoking of marijuana. Such evidence could, possibly, have created sympathy for the defendant. This assignment of error is without merit.
Appellant's third assignment of error is that the trial court erred in finding him guilty when his alleged intoxicated or drugged condition prevented him from having specific criminal intent as required for the crime of attempted simple robbery. LSA-R.S. 14:15(2) and 14:27(A).
The "specific intent to commit a crime" is an element of an attempted offense in Louisiana. LSA-R.S. 14:27(A). The specific intent to take something of value belonging to another from the person or immediate control of another is required for a conviction of attempted simple robbery. LSA-R.S. 14:65. When the circumstances indicate that an intoxicated or drugged condition has precluded specific criminal intent, this fact constitutes a defense to the prosecution for the crime. "Criminal intent may be inferred from the circumstances of the crime and the defendant's activities." State v. Vanvorst, 505 So.2d 123, 128 (La.App. 4 Cir.1987), writ denied 533 So.2d 12 (La.1988), citing State v. Graham, 420 So.2d 1126 (La.1982). In reviewing the sufficiency of the evidence of intent, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found this element proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687, 688-89 (La.1984).
In this case, the defendant claimed that he was using marijuana on the day of the offense, and marijuana was found in his possession. His testimony indicates that he was agitated when he ordered the driver to stop the bus and then to take him to Washington. A psychiatrist testified that it was possible to become toxic from smoking marijuana.
On the other hand, Sanders jerked the bus driver out of his seat and tried to start the bus. When the bus would not start, he walked down the street and demanded that Medina take him to Washington. When Medina refused, Sanders got into the car, demanded the keys and tried to start the car. The defendant remembered what had happened and acknowledged that he had *180 done these things. Under these facts, it was not unreasonable for the trier of fact to conclude that Sanders had the required specific intent to take the bus and the car from the control of other persons. The trial court did not err in finding that the appellant had the specific intent to commit both attempted robberies.
For the above and foregoing reasons, the appellant's conviction and sentence are affirmed.
AFFIRMED.